IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **DOMINIQUE GRIFFIN** | * |
|  | * |
| *Plaintiff* | * |
|  | * |
| v. | *   Case No.: RWT 11-2461 |
|  | * |
| **RANDALL CLARK** | * |
|  | * |
| *Defendant* | * |

## MEMORANDUM OPINION

On June 20, 2011, Plaintiff Dominique Griffin filed a Complaint against Defendant Randall Clark in the Circuit Court for Prince George's County, Maryland. The case was removed to this Court on August 31, 2011. Plaintiff's complaint asserts four causes of action: assault, battery, false imprisonment, and intentional infliction of emotional distress. Pending before the Court are Plaintiff's Motion to Remand and Defendant's Motion to Dismiss for Failure to State a Claim. *See* ECF Nos. 9 & 7.[1]

## Background

The following facts are drawn from plaintiff's complaint and, for purpose of this motion, are assumed to be correct. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). During the summer of 2010, Defendant, in an attempt to mentor the Plaintiff, assisted Plaintiff with her

---

[1] Also pending before the Court is Defendant's Motion for an Extension of Time to File a Response/Reply. *See* ECF No. 14. The Law Clerk for the undersigned contacted Counsel for Plaintiff, who had yet to enter an appearance, via telephone and counsel indicated her client opposed the extension. Counsel for Plaintiff memorialized this opposition in writing. *See* ECF No. 18. Because the issues are adequately briefed, Defendant's Motion for an Extension of Time is denied.

summer job search. *See* Compl. ¶ 4. When the summer job search proved unfruitful, Defendant offered to employ Plaintiff in his home remodeling business. *Id.* On or about June 18, 2010, the Plaintiff's first day of work, the Defendant allegedly drove Plaintiff to a home in Prince George's County to pick up an item. *Id.* ¶ 5. Plaintiff entered the home with Defendant and waited on the couch while Defendant appeared to be looking for an item in the house. *Id.* ¶ 6. Defendant then, without permission, sat down on the couch with Plaintiff, put his hands underneath Plaintiff's shirt and rubbed her breasts. *Id.* ¶ 7. Plaintiff, fearing that she would be placed in bodily harm, shouted "No! I want to go home!" and stood up. *Id.* When Plaintiff stood up, Defendant began to attempt to pull Plaintiff's pants down. *Id.* Plaintiff struggled to pull her pants up, while yelling at the Defendant, "No! We are not doing this! I am ready to go!" *Id.* Plaintiff was able to pull her pants back up and Defendant stopped. *Id.* Plaintiff alleges that the Defendant's conduct was intentional, deliberate, offensive, and without the Plaintiff's consent. *Id.* ¶ 10.

Since that date Plaintiff has suffered financial and emotional damages (i.e. humiliation, pain suffering, and mental distress) due to Defendant's conduct. *Id.* ¶¶ 8, 10. Specifically, Plaintiff was to attend the University of Vermont in the Fall of 2010 on scholarship. *Id.* ¶ 9. Due to the Defendant's alleged actions, Plaintiff's grades have been impaired, causing her to lose several financial scholarships and pay out of pocket for summer classes. *Id.* Plaintiff also alleges that she has suffered actual physical harm. *Id.* ¶ 10. Plaintiff has been unable to work and has incurred medical bills. *Id.* ¶ 9.

## Discussion

A.  Remand

Plaintiff contends that removal was untimely because Defendant was served on August 1, 2011 and the Defendant filed the Notice of Removal on August 31, 2011, which is outside the

thirty-day time period established under 28 U.S.C. § 1446. In response, Defendant states that removal was timely because under Federal Rule of Civil Procedure 6, the day of service is excluded from the computing of the time limit.

If a defendant seeks to remove a civil action from a state court to a United States District Court, that defendant must file a "notice of removal." 28 U.S.C. § 1446. The notice of removal must be filed within thirty (30) days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action is based. *Id.* Under Federal Rule of Civil Procedure 6(a)(1)(A), when computing time, one must "exclude the day of the event that triggers the period." *See* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1162 (2012 Supp.) (collecting cases applying Fed. R. Civ. Proc. 6(a) to the timing provision in the removal statute). Thus, the thirty-day time period begins the day after the Defendant is served. Here, Defendant was served on Monday, August 1, 2011. Thus the thirty-day time period begins on Tuesday, August 2, 2011 such that Defendant's August 31, 2011 removal notice is timely.

### B. Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff. *See Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id*. at 679; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted).  "'Thus, in reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) a court must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).[2]

### 1. Battery

A battery is the intentional, unpermitted touching of the body of another that is harmful or offensive to the person who was touched. *See Doe v. Archdiocese of Washington*, 114 Md. App. 169, 180, 689 A.2d 634, 640 (1997).  The gist of the action is not hostile intent on the part of the defendant, but the absence of consent to the contact on the plaintiff's part. *Id*. (citing *Janelsins v. Button*, 102 Md.App. 30, 35, 648 A.2d 1039 (1994)).  The defendant possesses the requisite intent if he intended to bring about the offensive or harmful contact. *Lititz Mut. Ins. Co.*

---

[2] Plaintiff contends that this Court should apply the Maryland standard for ruling on a motion to dismiss. This argument is entirely without force. After a case is removed from state court, it shall proceed as if it was originally brought in federal court. *See* 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3738 (2012 Supp.); *see also J & P Dickey Real Estate Family Ltd. Partnership v. Northrop Grumman Guidance & Electronics Co., Inc*., Case No. 11cv37, 2012 WL 925015 at * 3 (W.D.N.C. March 19, 2012) (rejecting Plaintiff's contention that the federal court should apply the North Carolina standard for ruling on a motion to dismiss because the case was removed from state court).

*v. Bell*, 352 Md. 782, 724 A.2d 102 (1999). In a battery case, harm exits if the facts themselves indicate a battery. *Id.* Because Plaintiff alleges that the Defendant touched her in a sexual manner without consent, Plaintiff's battery claim survives a motion to dismiss.

    2. *False Imprisonment*

"An action for false imprisonment arises when one unlawfully causes a depravation of another's liberty against his will." *Allen v. Bethlehem Steel Corp.*, 76 Md.App. 642, 649, 547 A.2d 1105, 1109 (Md. App. 1988) (citing *Kine v. Kolodny*, 263 Md. 647, 651, 284 A.2d 409 (1971)). To plead a *prima facie* case of false imprisonment the Plaintiff must allege "1) the depravation of the liberty of another; 2) without consent; and 3) without legal justification." *Heron v. Strader*, 361 Md. 258, 264, 761 A.2d 56, 59 (Md. 2000). Plaintiff has not pled any facts to indicate that she was threatened, forced or compelled to remain on the couch or in the house. Perhaps an inference could be drawn that Plaintiff was compelled to remain with Defendant, however an inference is not enough to survive a motion to dismiss. *See Braun v. Maynard*, No. 1:09-cv-1897, 2010 WL 1375172 at *6 (D.Md. March 31, 2010) (granting motion to dismiss false imprisonment claim because Plaintiffs did not plead any facts to indicate that "they were threatened" "that any force was applied to compel them to enter a public restroom" or "that once inside the restroom they were locked in or otherwise prohibited from leaving"). Accordingly, Plaintiff's complaint, as presently drafted, fails to state a claim for false imprisonment. Plaintiff's complaint was filed by her *pro se*, and accordingly, she will be permitted to remedy the deficiencies in her complaint, provided she is able in good conscience to allege facts confirming to the legal standards contained in this opinion.

*3. Intentional Infliction of Emotional Distress*

To plead a prima facie claim of intentional infliction of emotional distress, a plaintiff must allege facts to support that: (1) the conduct was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there is a causal connection between the wrongful conduct and the emotional distress; (4) the emotional distress is severe. *See Harris v. Jones*, 281 Md. 560, 566, 380 A.2d 611 (1977). Courts have found severe emotional distress where the plaintiff pleads a devastating effect from the defendant's conduct that is so acute that the plaintiff is unable to function and unable to attend to a necessary matter. *See Pemberton v. Bethlehem Steel Corp.*, 66 Md. App. 133, 502 A.2d 1101 (1986). Indeed, Maryland courts have found that mere embarrassment, public humiliation, feelings of inferiority, or shame do not rise to the level of severe emotional distress. *See B.N. v. K.K*, 312 Md. 135, 538 A.2d 1175 (1988).

In the present case, Plaintiff merely plead that Defendant's conduct "impaired" her grades at school, resulting in the loss of certain scholarships. Because Plaintiff does not allege that she was emotionally debilitated by Defendant's conduct, her complaint, as presently drafted, fails to state a claim for emotional distress.

*4. Assault*

Under Maryland Law, "[a]n action for assault…shall be filed within one year from the date it accrues." Md. Code Ann., Cts. & Jud. Proc. § 5-105. Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, *see* Fed.R.Civ.P. 8(c), and the burden of establishing the affirmative defense rests on the defendant. *See Newell v. Richards*, 323 Md. 717, 594 A.2d 1152, 1156 (1991); *accord Phoenix Sav. & Loan, Inc. v. Aetna Cas. & Sur. Co*., 427 F.2d 862, 870 (4th Cir.1970). Thus, as a general rule, a motion to dismiss cannot reach the merits of an affirmative defense, such as the defense that the

plaintiff's claim is time-barred. But in the relatively rare circumstances—i.e. where the complaint pleads enough facts to rule on an affirmative defense— the statute of limitations affirmative defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear[ ] on the face of the complaint." *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir.1993); *accord Desser v. Woods*, 266 Md. 696, 296 A.2d 586, 591 (1972).

In the present case, Plaintiff alleges that the incident giving rise to her assault claim occurred on or about June 18, 2010. June 18, 2011 was a Saturday. Maryland Rule 1-203 provides that "[i]n computing any period of time prescribed by these rules… [t]he last day of the period so computed is included unless it is a Saturday, Sunday, or holiday." Md. Code Ann., Cts. & Jud. Proc. § 1-102(b). Because June 18, 2011 was a Saturday, Plaintiff's Monday June 20, 2011 filing was timely.

Under Maryland law, the tort of assault consists of two basic elements: (1) the plaintiff must allege that he or she was threatened by the defendant, who possessed the apparent present ability to carry out that threat, which element is measured by a standard of reasonableness; and (2) the defendant's actions must have raised in the plaintiff's mind an apprehension of imminent bodily harm, which element is measured by a subjective standard apprehension of such a contact. *See Lee v. Pfeifer*, 916 F.Supp. 501, 506 (D. Md. 1996).

In the present case, Defendant contends that Plaintiff did "not plead the foundational element that she was threatened." *See* Def. Mot., ECF No 7-1 at 3. But the Complaint contains allegations describing the Defendant's threatening behavior. *See* Compl. ¶ 7 ("Defendant then, without permission, sat down on the couch with Plaintiff, put his hands underneath Plaintiff's

shirt"); *Id.* ¶ (Plaintiff, fearing that she would be placed in bodily harm, shouted "No! I want to go home!" and stood up."). Accordingly, Plaintiff's assault claim will not be dismissed.

## Conclusion

For the aforementioned reasons, Plaintiff's Motion to Remand [ECF No. 7] will be denied and Defendants' Motion to Dismiss [ECF No. 9] will be granted, in part, and denied, in part. Plaintiff will be granted leave to file an amended complaint on or before October 22, 2012 as to her claims for false imprisonment and intentional infliction of emotional distress, provided that she is able to allege facts conforming to the legal standards for such claims set forth in this opinion. A separate Order follows.

Date: September 19, 2012

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE